ROCCO RANGELLI AND ANNA RANGELLI, PLAINTIFFS, v.
TOWNSHIP OF WAYNE, COUNTY OF PASSAIC, STATE
OF NEW JERSEY, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided December 13, 1956.

Civil action in lieu of prerogative writ.

*Mr. John G. Dluhy,* attorney for plaintiffs.

*Mr. William F. Johnson,* attorney for defendant.

COLIE, J. S. C. This matter was instituted by the plaintiffs by a complaint in lieu of prerogative writ and seeks to set aside an ordinance of the Township of Wayne vacating a portion of Packanack Avenue in the municipality. The facts are not in dispute.

The plaintiffs are the owners of lots 86 through 90, inclusive, on the west side of a 50-foot street designated as Packanack Avenue. They purchased the lots by two deeds in 1953 and 1954, which deeds describe them as being lots 86 through 90 on a map of Packanack Development Co., Inc., which was approved by the Township Committee of Wayne Township, and was filed in the Register of Deeds of Passaic County. In 1956 the township by Ordinance No. 14 vacated Packanack Avenue in part.

It is conceded that the five lots will have no access on a public street, if ordinance No. 14 is effective. It is further conceded that the ordinance was properly enacted so far as formalities are concerned, and it is further conceded that Packanack Avenue is a dedicated street, which has not been accepted by the municipality, and that it appears on Plate Nine of the Tax Map and in the master plan of the Township of Wayne.

The plaintiffs' contention is that the passage of the ordinance vacating a part of Packanack Avenue is a taking of plaintiffs' lands within the meaning of *R. S.* 20:1–1 *et seq.,* commonly known as the condemnation statute, and that plaintiffs are deprived of their property without just compensation.

In *United New Jersey Railroad & Canal Co. v. National Docks, etc., Co.,* 57 *N. J. L.* 523 (*Sup. Ct.* 1895), it was held that "vacation of the street does not in the least impair private rights. It is only a surrender or extinction of the public easement"; and that case was cited in *Downs v. Mayor, etc., of South Amboy,* 116 *N. J. L.* 511 (*E. & A.*

1936), for the proposition that the mere vacation of a public street by a municipal body does not involve the infringement of a private right. It is only a surrender or extinction of a public easement.

Plaintiffs have an easement over the 50-foot right of way, shown on the map and referred to in the deeds. That easement continues despite the vacation of so much of Packanack Avenue as abuts the plaintiffs' property and despite the fact that the municipality reserved from the vacation ordinance a right of way for use as a foot path the center 20 feet in width of Packanack Avenue opposite plaintiffs' property.

In *Highway Holding Co. v. Yara Engineering Corp.*, 22 *N. J.* 119 (1956), the Supreme Court said, citing *State v. Snedeker*, 30 *N. J. L.* 80 (*Sup. Ct.* 1862), and *Attorney-General ex rel. Stickle v. Morris & Essex R. Co.*, 19 *N. J. Eq.* 386 (*Ch.* 1869), that "where the street was subsequently vacated by public authority and the owner had made substantial improvements upon the abutting property, and the result of the vacation was that he was left without access to a public street, then such owner has a right constitutionally to recover for such damage based upon the assertion of his private right in the street as distinguished from the public right in the street." The court then went on to say that "since the private right of way is in the nature of an easement the circumstance of subsequent acceptance or non-acceptance by the municipality are immaterial considerations." It would therefore seem to the court that there having been no substantial improvements upon the abutting property and the plaintiffs having their private right in the street by virtue of the filing of the map and the reference thereto in the deed to them, that there was not a taking of the plaintiffs' property within the meaning of the eminent domain statute.

For the reason stated, judgment of dismissal will be entered in behalf of the Township of Wayne and against the plaintiffs.